IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHADIJAH WHITE | : | CIVIL ACTION |
| | : | NO.  13-984 |
| v. | : | |
| | : | |
| CAPTAIN STEPHEN GLENN, et al. | : | |

O'NEILL, J.                                                          October 27, 2014

## MEMORANDUM

Before me is a motion for summary judgment filed by defendants City of Philadelphia

police officers Captain Stephen Glenn, Edward Ashburn, Christopher Pernell, Charles Shelton,

Dawn Lyles, Rhonda Congleton and the City Director of Public Safety, Michael Resnick; and

plaintiff Khadija White's response thereto.  In this action, plaintiff asserts claims of excessive

force, false arrest, retaliation against speech, malicious prosecution and conspiracy under 42

U.S.C. § 1983 and malicious prosecution and conspiracy under state law.[1]  Defendants move for

summary judgment of plaintiff's federal malicious prosecution and conspiracy claims.  For the

following reasons, I will grant defendants' motion.

## BACKGROUND[2]

On the afternoon of March 15, 2012 the City of Philadelphia held a public hearing inside

---

[1]        On October 8, 2014, the parties stipulated to the dismissal of the following claims:  assault (Count III) and municipal liability (Count XIV) under 42 U.S.C. § 1983; and battery (Count II), assault (Count IV), false imprisonment (Count VI), intentional and negligent infliction of emotional distress (Counts VII and VIII) under state law.  The parties also stipulated to the dismissal of defendant police officer Eric Garnett.  The parties agreed that plaintiff's excessive force (Count I), false arrest (Count V) and retaliation against speech (Count IX) claims pursuant to 42 U.S.C. § 1983 should be tried along with plaintiff's state malicious prosecution claim (VIII), but disagreed on the claims (Counts VII, X, and XI) which are the subject of defendants' instant motion.  Defs.' Letter of Oct. 8, 2014.

[2]        The following are undisputed facts agreed by the parties for the purposes of defendants' instant partial summary judgment motion.  Dkt. No. 19 at ECF pp. 4-5, n.1.

the City's Municipal Services Building (MSB).  Plaintiff Khadijah White was present outside
and had her bicycle with her at the time of the public hearing.

At approximately 7:30 p.m., plaintiff was arrested and taken into custody by several of
the defendant police officers.  Police officers Captain Stephen Glenn, Dawn Lyles, Rhonda
Congleton, Charles Shelton, Edward Ashburn and the City Director of Public Safety Michael
Resnick indicated in post-incident statements made to police detectives that plaintiff pushed
Glenn when he tried to move her bicycle.  Plaintiff denies pushing Glenn and contends that she
was arrested in retaliation for exercising her First Amendment rights.

Plaintiff was held in custody overnight.  The next day, on March 16, 2012, she was
arraigned on the charges of resisting arrest (18 Pa. Cons. Stat. § 5104), disorderly conduct (18
Pa. Cons. Stat. § 5503(A)(4)) and harassment (18 Pa. Cons. Stat. § 2709(A)(1)).  Dkt. No. 20 at
ECF p. 4.  On the same day, she was released from custody on her own recognizance without
bail.  Plaintiff attended a status hearing on April 16, 2012 and a pre-trial hearing on May 17,
2012 at the Philadelphia Criminal Justice Center.  Plaintiff's criminal trial was scheduled to start
on August 13, 2012 but several days prior the Philadelphia District Attorney withdrew all
charges against her.

## STANDARD OF REVIEW

Summary judgment will be granted "against a party who fails to make a showing
sufficient to establish the existence of an element essential to that party's case, and on which that
party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
The party moving for summary judgment bears the burden of demonstrating that "there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
law."  Fed. R. Civ. P. 56(a); see Celotex, 477 U.S. at 322-23.  If the movant sustains its burden,

the nonmovant must set forth facts demonstrating the existence of a genuine dispute.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A dispute as to a material fact is

genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party."  Id.  A fact is "material" if it might affect the outcome of the case under governing law.

Id.

>       To establish "that a fact cannot be or is genuinely disputed," a party must:

>>      (A) cit[e] to particular parts of materials in the record, including
>>      depositions, documents, electronically stored information,
>>      affidavits or declarations, stipulations (including those made for
>>      purposes of the motion only), admissions, interrogatory answers,
>>      or other materials; or

>>      (B) show[ ] that the materials cited do not establish the absence or
>>      presence of a genuine dispute, or that an adverse party cannot
>>      produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The adverse party must raise "more than a mere scintilla of evidence in

its favor" in order to overcome a summary judgment motion and cannot survive by relying on

unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W.

Chester, 891 F.2d 458, 460 (3d Cir. 1989).  The "existence of disputed issues of material fact

should be ascertained by resolving all inferences, doubts and issues of credibility against" the

movant.  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation

marks omitted).

## DISCUSSION

## I.      Malicious Prosecution—42 U.S.C. § 1983

Defendants seek summary judgment in their favor on plaintiff's claim for malicious

prosecution as set forth in Count VII of her complaint.  Dkt. No. 1 at ECF p. 13.  A constitutional

claim for malicious prosecution stems from the Fourth Amendment and it is "intended to redress

[ ] the deprivation of liberty accompanying prosecution, not prosecution itself." DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005). In order to prove her malicious prosecution claim, plaintiff must demonstrate that: "(1) defendant[s] initiated a criminal proceeding; (2) the criminal proceeding ended in h[er] favor; (3) defendant[s] initiated the proceeding without probable cause; (4) defendant[s] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty . . . as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007), citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). "If [p]laintiff[ ] ha[s] not proffered evidence sufficient to create a triable issue of fact as to all five prongs, [her] malicious prosecution claim must fail as a matter of law." Domenech v. City of Phila., No. 06-1325, 2009 WL 1109316, at *9 (E.D. Pa. Apr. 23, 2009), aff'd, 373 F. App'x 254 (3d Cir. 2010). The parties dispute the last element.

Specifically, the Court of Appeals has held that the last element of a malicious prosecution claim requires that plaintiff show "some deprivation of liberty consistent with the concept of 'seizure'" as a consequence of a legal proceeding. Gallo v. City of Phila., 161 F.3d 217, 222 (3d Cir. 1998), as amended, (Dec. 7, 1998). In Gallo, although a "close question," the Court of Appeals found that the plaintiff suffered a deprivation of liberty consistent with seizure and sufficient to establish his malicious prosecution claim where he had to post a $10,000 bond, had to attend all court hearings including his arraignment and trial, was required to contact Pretrial Services on a weekly basis and was prohibited from traveling outside New Jersey and Pennsylvania. Id. at 222. In DiBella, 407 F.3d at 601, 603, following Gallo, the Court of Appeals observed that if Gallo was a "close question," there could be no seizure "significant enough" to constitute a violation of the Fourth Amendment where the plaintiffs were never

arrested, never posted bail, were free to travel, were not required to report to Pretrial Services and were required to attend pretrial and trial hearings.  Finally, most recently in <u>Schneyder v. Smith</u>, 653 F.3d 313, 321-22 (3d Cir. 2011) the Court of Appeals cited with approval both decisions and "h[eld] open the possibility that some conditions on pre-trial release may be so insignificant as not to implicate constitutionally protected liberty interests."  <u>Id.</u> at 322 n.12.[3]

Here, White was not held in custody following her arraignment,[4] and similar to the

_____

[3]        The Court of Appeals cited the Eleventh Circuit's decision in <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1236 (11th Cir. 2004).  Significantly, the Court in <u>Kingsland</u> explained that no Circuit has been willing to conclude that "normal conditions of pretrial release constitute a 'continuing seizure' barring some significant, ongoing deprivation of liberty, such as a restriction on the defendant's right to travel interstate."  The Court additionally concluded that the plaintiff suffered no seizure and did not have a cognizable claim for malicious prosecution where she was required to pay a $1000 bond, appear at her arraignment and make two trips from New Jersey to Florida to defend herself in court.  <u>Kingsland</u>, 382 F.3d at 1235, 1236.

[4]        Plaintiff argues that she was arrested on March 15, 2012 and held in custody overnight.  Dkt. No. 20 at ECF p. 11.  But a malicious prosecution claim requires that plaintiff suffered a deprivation of liberty "<u>as a consequence</u> of a legal proceeding."  <u>Johnson v. Knorr</u>, 477 F.3d at 81-82 (emphasis added); <u>see</u> <u>Gallo</u>, 161 F.3d at 222 ("Gallo must show that he suffered a seizure as a consequence of a legal proceeding").  However, plaintiff's arrest and custody occurred prior to the initiation of legal proceedings against her the next day on March 16 when she was arraigned on three charges.  Plaintiff was released on her own recognizance after her arraignment.  Where her arrest and custody occurred prior to her arraignment, that arrest cannot be said to have been a seizure as a consequence of the alleged malicious prosecution.  <u>See</u> <u>Lopez v. Maczko</u>, No. 07-1382, 2007 WL 2461709, at *3 (E.D. Pa. Aug. 16, 2007) (finding that the plaintiff failed to allege facts supporting that he was seized as a consequence of a legal proceeding where the plaintiff "does not contend that the defendants imposed any restrictions upon the plaintiff['s] liberty after [the filing of the police complaint] or after any arraignment or preliminary hearing.  The only seizure alleged is the plaintiff's arrest and that occurred <u>prior</u> to the initiation of any criminal proceedings."); <u>Luck v. Mount Airy No. 1, LLC</u>, 901 F. Supp. 2d 547, 556 (M.D. Pa. 2012) (finding that the plaintiffs failed to allege a deprivation of liberty as a result of a legal proceeding where they "only recite facts pertaining to their seizure and arrest prior to the institution of a legal proceeding.").  Plaintiff's reliance on <u>Schneyder</u> for the proposition that her arrest and custodial detention constitute a seizure, <u>see</u> Dkt. No. 20 at ECF pp. 11-12, is misplaced.  <u>See</u> <u>Schneyder</u>, 653 F.3d at 321 (holding that the plaintiff, a material

plaintiffs in <u>DiBella</u>, White did not have to post bond,[5] was free to travel and was not required to

report to Pretrial Services.[6]  She attended two pre-trial hearings, but unlike the plaintiffs in

<u>DiBella</u>, did not have to attend trial since the prosecutor's office dropped charges against her

prior to the date of trial.  Given that the Court of Appeals found that the plaintiffs in <u>DiBella</u>

suffered no seizure significant enough to constitute a violation of the Fourth Amendment,

plaintiff, who additionally did not have to attend trial, cannot have suffered a deprivation of her

liberty consistent with a "seizure" sufficient to support her malicious prosecution claim.  <u>Cf.</u>

<u>Bartow v. Thomas</u>, No. 3:13-271, 2014 WL 2993786, at *5 (W.D. Pa. July 2, 2014) (finding that

the plaintiff failed to sufficiently allege a deprivation of liberty, even if he had been arrested,

where he was released on his own recognizance, was not required to report to Pretrial Services

and was not subject to any travel restrictions); <u>Gebhart v. Steffen</u>, No. 1:12-1837, 2013 WL

1624194, at *2 (M.D. Pa. Apr. 15, 2013) <u>aff'd</u>, 574 F. App'x 156 (3d Cir. 2014) (finding on a

motion to dismiss that the plaintiff failed to allege a constitutionally significant deprivation of

liberty sufficient to plead her malicious prosecution claim where she was arrested, her bail was

---

witness who was arrested and held in custody as a consequence of a warrant to secure her court
appearance, was seized.)

[5]      Plaintiff argues that although she was not required to post monetary bail or bond,
she was released on Release on Recognizance (ROR) pursuant to Pa. R. Crim. P. 524(C)(1)
which she argues is "a type of bail under Pennsylvania law."  Dkt. No. 20 at ECF p. 9.  However,
ROR is not an onerous pretrial restriction that implicates Fourth Amendment protections, unlike
the bond that the <u>Gallo</u> plaintiff was required to post.  <u>See</u> <u>Golya v. Golya</u>, No. 3:05-CV–0100,
2007 WL 2301085, at *7 (M.D. Pa. Aug. 9, 2007) (finding that the plaintiff's conditions of
unsecured bail bond, including ROR pursuant to Pa. R. Crim. P. 524(C)(1) and 526(A), are
"standard release conditions imposed in all cases of pretrial release . . . and the restraints are <u>de
minimis</u>" so the plaintiff failed to demonstrate a Fourth Amendment seizure and thus his
malicious prosecution claim failed as a matter of law).

[6]      Defendants assert, and plaintiff does not dispute that she was not required to
report to any Pretrial Services agency.  <u>See</u> Dkt. No. 19 at ECF pp. 7-8.

set at $100,000 and she was required to attend pretrial court proceedings but failed to allege that her travel was restricted or that she was required to report to Pretrial Services); Posey v. Swissvale Borough, No. 2:12-CV-955, 2013 WL 989953, at *6 (W.D. Pa. Mar. 13, 2013) (finding no seizure of the plaintiff where he was not arrested and was not required to post money for bail but was released on his own recognizance); Samuels v. Monroe Cnty., No. 3:CV-12-2320, 2013 WL 1764822, at *7 (finding no seizure of the plaintiff where he was not arrested, did not have to post bail, communicate with Pretrial Services or have travel or geographic restraints placed upon him).

Accordingly, I find that plaintiff has not shown that she suffered a deprivation of liberty consistent with seizure in violation of the Fourth Amendment and cannot prove her federal malicious prosecution claim. I will thus grant summary judgment in favor of defendants on Count VII.

## II. Conspiracy

### A. 42 U.S.C. § 1983

Defendants also seek summary judgment in their favor on plaintiff's § 1983 claim for conspiracy in Count X of her complaint. In order to demonstrate the existence of a conspiracy under § 1983, "plaintiff must show that two or more conspirators reached an agreement to deprive [ ] her of a constitutional right under color of law." Laurensau v. Romarowics, 528 F. App'x 136, 140 (3d Cir. 2013) (internal citations omitted). The existence of an agreement is "the essence of the [conspiracy] offense" and "is the sine qua non of the crime itself." United States v. Tyson, 653 F.3d 192, 206 (3d Cir. 2011), quoting United States v. Pressler, 256 F.3d 144, 147 (3d Cir. 2001). "Such an agreement can be proved through either direct or circumstantial evidence." Adams v. Teamsters Local 115, No. 99-4910, 2003 WL 22005708, at *6 (E.D. Pa.

Aug. 6, 2003).  "Plaintiff's conspiracy claims require, as an essential element, sufficient evidence from which a fact finder could reasonably infer that the alleged participants had a meeting of the minds/reached an understanding to take actions directed to the common purpose."  Livingston v. Borough of Edgewood, No. 08-812, 2010 WL 4512588, at *11 (W.D. Pa. Nov. 1, 2010), aff'd, 430 F. App'x 172 (3d Cir. 2011).  "Circumstantial evidence establishes a conspiracy if it logically leads to the conclusion that one exists.  However, if the evidence only allows the jury to base a finding on conjecture or speculation, then the circumstantial evidence is insufficient to establish a conspiracy."  Simmons v. Poltrone, No. 96-8659, 1997 WL 805093, at *6 (E.D. Pa. Dec. 17, 1997), citing Urbanic v. Rosenfeld, 616 A.2d 46, 54 (Pa. Commw. Ct. 1992).

As support for her conspiracy claim, plaintiff cites testimony by Resnick, Ashburn, Cogleton and dismissed defendant Garnett.  See Resnick Dep. Dkt. No. 20 (Ex. A) at 102:4-21; Ashburn Dep. Dkt. No. 20 (Ex. B) at 65:17-66:6; Garnett Dep.  Dkt. No. 20 (Ex. C) at 32:17-24; Congleton Dep. Dkt. No. 20 (Ex. D) at 34:13-19; 17:22-18:3.  However, the portions of the record on which plaintiff relies for her claim indicate no more than that some defendants spoke to each other after plaintiff's arrest:  Resnick testified that he "just asked [police officer Ashburn] if he was okay";[7]  Ashburn testified that he discussed the incident with some officers whom he could not identify while at the scene;[8]  Glenn testified that he asked Resnick if Resnick needed a

---

[7]      "You know, we might have talked about what happened generally, but, you know, I was with Detective Repici . . . I just saw [Ashburn] there and we had a very brief conversation, and that was really it.  I didn't see anybody else."  Dkt. No. 20 (Ex. A) at 102:4-21.

[8]
>      Q.      Okay.  Officer Ashburn, did you have the opportunity to discuss this incident at all with any other officers?
>      A.      Yeah.  At the scene.
>      Q.      I'm sorry I didn't hear you.
>      A.      At the scene.

ride, but Resnick declined, explaining that he had his own car.[9]  The rest of the testimony that plaintiff directs me to addresses the separate question of whether specific defendants did or did not see plaintiff push Glenn, the incident that defendants allege led to plaintiff's arrest.  Plaintiff concedes that the testimony is not entirely consistent among defendants, Dkt. No. 20 at ECF p. 16.  Plaintiff altogether fails to point to any evidence that would suggest defendants had a meeting of the minds or reached an understanding to take actions directed to the common purpose of harming her.  Even were plaintiff able to prove that defendants' actions caused her harm, she has not set forth sufficient evidence to show a conspiracy between the defendants.  See Startzell v. City of Phila., Pa., 533 F.3d 183, 205 (3d Cir. 2008) ("It is not enough for a plaintiff to prove that the end result of the parties' independent conduct caused him harm.  [Plaintiff] must therefore prove the alleged conspirators reached an understanding, or had a 'meeting of the

---

> Q.    At the scene, okay.  Which officers did you discuss it with?
> A.    I can't pinpoint any one.
> Q.    Did you ever discuss the incident [plaintiff's alleged pushing of Glenn] with Captain Glenn?
> A.    At the scene.
> Q.    Did Captain Glenn tell you that he was pushed?
> A.    I don't recall if he did.

Dkt. No. 21 (Ex. B) at 65:17-66:12.

[9]

> Q.    What, if anything, did he [Resnick] say to you when you first encountered Mike Resnick in the lobby of the MSB after the arrest of Dr. White?
> A.    I think he was presented to me by Inspector Rebstock, who told me that Mr. Resnick had witnessed the incident and that he would be going to Central Detectives.  And I asked him [Resnick] if he needed a ride and he said he had his own car, and that was the extent of our conversation.

Dkt. No. 20 (Ex. E) at 45:9-19.

minds' to violate his rights.").

Accordingly, I find that the record is insufficient to demonstrate a genuine dispute of material facts in support plaintiff's federal conspiracy claim and will grant summary judgment in favor of defendants on Count X.

### B.    Pennsylvania Law

For the same reasons, plaintiff's Count XI state law claim for civil conspiracy also fails. To prevail, under Pennsylvania law, plaintiff must demonstrate that an overt unlawful act was "done in pursuance of the common purpose" by a combination or two or more persons that must have caused "actual legal damage."  Montgomery Cnty., Pa. v. MERSCORP, Inc., 904 F. Supp. 2d 436, 453 (E.D. Pa. 2012), citing Commw. v. TAP Pharm. Prods., Inc., 36 A.3d 1112, 1144 (Pa. Commw. Ct. 2011).  Additionally, proof of malice is an essential part of a cause of action for civil conspiracy in Pennsylvania and requires that "the conspirators took unlawful actions with the specific intent to injure the plaintiff . . . ."  Id., citing TAP Pharm., 36 A.3d at 1185. Finally, in Pennsylvania civil conspiracy is not a separate cause of action but instead requires an underlying tort.  Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405-06 (3d Cir. 2000), abrogated on other grounds as recognized in, United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA, 316 F.3d 392 (3d Cir. 2003).  As I have discussed, the evidence that plaintiff proffers presents no genuine issue of material fact as to a pursuance of the common purpose or plan.  Additionally, for the purposes of a Pennsylvania conspiracy claim, plaintiff has also failed to direct me towards any part of the record that can be construed as evidence of malice on the part of defendants.  I will grant summary judgment in favor of defendants on Count XI.

An appropriate Order follows.